UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ETHEL DIANNA GODBOLT,

    Plaintiff,

v.

    Case No. 18-10163
    District Judge Victoria A. Roberts
    Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 14); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 13); AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. #11)**

    **I.    INTRODUCTION**

Ethel Dianna Godbolt ("Godbolt") appealed the decision of the Commissioner of Social Security to deny her application for disability insurance benefits.

This matter is before the Court on the parties' cross-motions for summary judgment. The Court referred those motions to Magistrate Judge David R. Grand. On September 21, 2018, Magistrate Judge Grand filed a Report and Recommendation ("R&R"). In the R&R, he recommends that the Court grant the Commissioner's motion for summary judgment and deny Godbolt's. Magistrate Judge Grand found that: (1) the Administrative Law Judge's ("ALJ") Residual Functional Capacity ("RFC") assessment was supported by substantial evidence; and (2) the ALJ properly evaluated Godbolt's subjective complaints. Godbolt timely objected. The objections are fully briefed.

1

The Court **ADOPTS** the Report and Recommendation. The Commissioner's motion for summary judgment is **GRANTED**; Godbolt's motion is **DENIED**.

## II. DISCUSSION

This Court engages in *de novo* review of a magistrate judge's Report and Recommendation on a dispositive motion that is objected to properly. 28 U.S.C. § 636(b)(1). Where a magistrate judge's R&R is objected to, the district court must conduct a *de novo* review of those portions of the R&R to which an objection has been made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Thomas v. Halter*, 131 F.Supp. 2d 942, 944 (E.D. Mich. 2001). After carefully reviewing the cross-motions for summary judgment, the R&R, Godbolt's objections, and the remainder of the record, the Court agrees with Magistrate Judge Grand's conclusions.

Godbolt submitted two objections. Godbolt argues that the Magistrate Judge erred in finding that: (1) the ALJ's RFC assessment was supported by substantial evidence; and (2) the ALJ adequately addressed the side effects from her medications and her subjective complaints of pain.

**A. Godbolt's First Objection is Rejected; the ALJ's RFC Assessment was Supported by Substantial Evidence**

Godbolt says that the ALJ's RFC assessment was not supported by substantial evidence. Specifically, Godbolt asserts that the ALJ's RFC assessment is invalid because it is not based on a physician's RFC assessment. Godbolt is incorrect.

This Court's review of the Commissioner's final decision is limited to determining whether the "Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Sullivan v. Comm'r of Soc. Sec.*, 595 F.App'x 502, 506 (6th Cir. 2014). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

An ALJ must evaluate the relevant medical evidence and the claimant's testimony in assessing that claimant's RFC. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Here, the ALJ did just that; she noted that, notwithstanding Godbolt's complaints regarding the intensity and persistence of her pain, the objective medical evidence showed that Godbolt's condition was improving and was good enough to allow her to do the sedentary work called for by the RFC assessment.

Moreover, Godbolt's argument rests on a misunderstanding of the law; an ALJ is not required to base her RFC assessment on a medical opinion. *See Brown v. Comm'r of Soc. Sec.*, 602 F.App'x 328, 331 (6th Cir. 2015); *See also Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.")

Indeed, the Commissioner must determine an individual's RFC "based on all of the relevant medical and other evidence"; to base an RFC assessment on a physician's findings would constitute "an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *See Sparrow v. Comm'r of Soc. Sec.*, No. 15-CV-11397, 2016 WL 1658305, at *7 (E.D. Mich. Mar. 30, 2016).

Godbolt also argues that the ALJ erred by failing to consider that she had increased pain at the end of her functional capacity evaluation. Contrary to Godbolt's assertions, the ALJ did consider her reports of increased pain; the ALJ noted that Godbolt's testimony on that issue was contradicted by the rest of the record evidence. Moreover, "[a] claimant's residual functional capacity is not based on the claimant being pain-free, but rather based on his ability to do work activities on a sustained basis despite limitations, such as pain, from his impairments." *Luxton v. Comm'r of Soc. Sec.*, No. 1:15-CV-13758, 2016 WL 6806369, at *12 (E.D. Mich. Oct. 26, 2016) (citing *Brown v. Comm'r of Soc. Sec.*, No. 1:13-CV-99, 2015 WL 404368, at *7 (W.D. Mich. Jan. 29, 2015)).

Magistrate Judge Grand did not err.

### B. Godbolt's Second Objection is Rejected; the ALJ Properly Evaluated her Subjective Complaints

Finally, Godbolt argues that the ALJ inadequately addressed her subjective complaints. Specifically, Godbolt contends that the ALJ failed to consider both the side effects of her various medications and her history of seeking treatment to relieve her pain.

First, an ALJ is not required to explicitly discuss every piece of evidence she considered in making her credibility determination. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F.App'x 496, 508 (6th Cir. 2006) ("an ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") Moreover, an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* The record clearly shows that the ALJ resolved any conflicts in the evidence, even if she didn't explicitly discuss each issue.

Further, the ALJ explicitly discussed Godbolt's treatment history; the ALJ even mentioned that Godbolt declined to pursue additional treatment that may have helped alleviate her symptoms. Given the ALJ's discussion, Godbolt's objection amounts to an attempt to have this Court substitute its judgment for that of the ALJ, which this Court cannot do. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F.App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.").

Given the above, Magistrate Judge Grand did not err in finding that the ALJ properly evaluated Godbolt's subjective complaints.

### III.    CONCLUSION

Magistrate Judge Grand thoroughly lays out the facts, relevant portions of the administrative record, and the procedural history of the case in his R&R. In considering

the record, Magistrate Judge Grand applies relevant case law and gives well-reasoned explanations for his conclusions. Neither of Godbolt's objections has merit.

Accordingly, the Court **ADOPTS** Magistrate Judge Grand's Report and Recommendation. The Commissioner's motion for summary judgment is **GRANTED**; Godbolt's motion for summary judgment is **DENIED**. The decision of the Commissioner of Social Security is **AFFIRMED**.

    **IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: December 13, 2018